Affirmed and Memorandum Opinion filed July 14, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00931-CR

___________________

 

Brian Lefaniel Johnson, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1235555

 



 

 

MEMORANDUM OPINION

A jury convicted appellant Brian Lefaniel Johnson of
burglary of a habitation and sentenced him to twelve years’ imprisonment.  On
appeal, appellant argues that the evidence is insufficient to support his
conviction.  We affirm.

I.                  
Background

Appellant and D.M. have three children.  D.M.
testified that she and the children lived in an apartment, that appellant would
come by “off and on,” but that he did not have a key to the apartment.  On
October 3, 2009, appellant, D.M., the children, appellant’s cousin Brandon,
D.M.’s cousin Jaleesa, and D.M.’s friend Charles were at the apartment. 
According to D.M.’s testimony, appellant had initially been invited over, and
she let him in the apartment.  Soon, appellant became upset because he felt that
there were too many people in the apartment.  Appellant and D.M. began to
argue, whereupon appellant left the residence.  D.M. and the others locked the
door and put the couch behind it.  D.M. testified that she did not want
appellant inside the apartment because she feared continued fighting.  D.M.
stated that Brandon called the police.  Brandon’s 911 call was admitted into
evidence at trial.  

Appellant returned shortly thereafter.  He began
yelling, beating on the door, and trying to kick in the door.  Appellant
managed to kick in the door and jumped over the couch.  D.M. was in the living
room and the others were in the children’s room.  D.M. testified that when she
fell on another couch on her way to the children’s room, appellant started
choking her.  Charles intervened and pulled appellant off D.M. while Brandon
and Jaleesa tried to keep the children out of the way.  D.M. then ran to the
bathroom.

Appellant followed D.M. to the bathroom.  According
to D.M.’s testimony, appellant struck D.M. in the face and head and tried to
push her head down into the toilet.  D.M. left the bathroom and went out the apartment
door to the apartment office where she called the police.  D.M. testified that
her door was damaged to the point that she could no longer lock it, and she had
a swollen cheek, redness on her face, scratches on her arm, and “could barely
swallow.”  D.M. did not seek medical treatment. 

B.M. Miller, a deputy with the Harris County
Sheriff’s Department, testified that he responded to a call at the apartment
address.  He went to the apartment and observed that the front door was damaged
and the couch was moved.  He stated that D.M. had some redness on her face and
neck, and she was crying and upset.      

Appellant was charged with intentionally entering a
habitation owned by D.M., a person having a greater right to possession of the
habitation than appellant, without her effective consent and “commit[ting] and
attempt[ing] to commit” an assault of D.M.  The jury found appellant guilty and
assessed punishment at twelve years in the Texas Department of Criminal Justice—Institutional
Division.  This appeal followed. 

II.        Analysis

In two issues, appellant challenges the sufficiency
of the evidence to support his conviction.  Specifically, appellant contends
that there are inconsistencies in D.M.’s testimony, namely, (1) whether she saw
Brandon calling the police; and (2) whether appellant actually hit her.   

A majority of the judges of the Texas Court of
Criminal Appeals have determined that “the Jackson v. Virginia
legal-sufficiency standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)
(plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran,
J.J.); id. at 913–15 (Cochran, J., concurring, joined by Womack, J.)
(same conclusion as plurality).  Therefore, in this case we will review the
evidence under the Jackson v. Virginia standard. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  

Under this standard, we view the evidence in the
light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a court,
believe the State’s evidence or believe that appellant’s evidence outweighs the
State’s evidence. Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim. App.
1984).  The verdict may not be overturned unless it is irrational or
unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991) (quoting Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988)).  The trier of fact “is the sole judge
of the credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The trier of fact
may choose to believe or disbelieve any portion of the witnesses’ testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). 

We measure the sufficiency of the evidence against
the hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  As applicable in this case, a person commits the
offense of burglary if, without the effective consent of the owner, the person
enters a habitation and commits or attempts to commit an assault.[1]  Tex. Penal Code
Ann. § 30.02(a)(3) (West 2011).  An “owner” is a person who “has title to the
property, possession of the property, whether lawful or not, or a greater right
to possession of the property than the actor.”  Id. § 1.07(35)(A).  “Possession”
means “actual care, custody, control, or management.”  Id. § 1.07(39).  An
offense is a felony of the second degree if committed in a habitation.  Id.
§ 30.02(c)(2).  As defined in the jury charge in this case, assault is
committed when a person “intentionally, knowingly, or recklessly causes bodily
injury to another, including the person’s spouse” or “intentionally or
knowingly threatens another with imminent bodily injury, including the person’s
spouse.”  Id. § 22.01(a)(1)–(2).  

D.M. testified that she and the children lived in the
apartment and that appellant did not have a key.  Although appellant was
initially invited over on the date in question, after he left, D.M. and the
others locked the door and put the couch behind it.  D.M. testified that she
did not want appellant inside the apartment.  D.M. stated that appellant kicked
in the door.  The responding officer testified that he observed damage to the
door.  D.M. testified that appellant started choking her after he kicked in the
door.  According to her testimony, once she and appellant were in the bathroom,
appellant struck her in the face and head and was trying to push her head into
the toilet.  The responding officer testified that D.M. had some redness on her
face and neck, and she was crying and upset.  In Brandon’s 911 call, he stated
that the person “trying to kill” his girlfriend just “broke” the door.  He also
stated that this person grabbed the woman once inside; he indicated that the
two continued to fight in the bathroom.       

Appellant claims that there were inconsistencies in
D.M.’s testimony.  The jury is the exclusive judge of the credibility of the
witnesses and of the weight to be given testimony.  Fuentes, 991 S.W.2d
at 271; Herrero v. State, 124 S.W.3d 827, 833 (Tex. App.—Houston [14th
Dist.] 2003, no pet.).  We resolve inconsistencies in testimony in favor of the
jury’s verdict in a legal-sufficiency review.  Moreno, 755 S.W.2d at 867;
Herrero, 124 S.W.3d at 833.  After reviewing the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could
have found the essential elements of the charged crime beyond a reasonable
doubt.  

Accordingly, we overrule appellant’s issues.  

 

III.           
Conclusion

We affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

 

Panel consists of Chief Justice Hedges and Justices
Seymore and Boyce.

Do Not Publish — Tex.
R. App. P. 47.2(b). 









[1] Appellant argues that the
State failed to prove that he had formed the intent to commit an assault prior
to entering the apartment.  Appellant was not charged with burglary of a
habitation with intent to commit an assault; rather, appellant was charged with
burglary of a habitation and committing and attempting to commit an assault.  Compare
Tex. Penal Code Ann. § 30.02(a)(1) (entering a habitation with intent to commit
assault) with id. § 30.02(a)(3) (entering a habitation and
committing or attempting to commit assault).  Subsection (a)(1) requires proof
of intent to commit an assault at the time of entry; subsection (a)(3) does
not.  DeVaughn v. State, 749 S.W.2d 62, 64–65 (Tex. Crim. App. 1988)
(attempted or completed act in (a)(3) supplants specific intent which
accompanies (a)(1)).